FILED
IN CLERK'S OFFICE
US DISTRICT COURT EDNY

★ MAY 23 2012 ★

LONG ISLAND OFFICE

ORIGINAL FILED
BY ECF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

- against -

LAYNE JOHNSON

           Defendant.

- - - - - - - - - - - - - - - - - X

PRELIMINARY ORDER
OF FORFEITURE

12 CR 0261 (SJF)

WHEREAS, on April 18, 2012, LAYNE JOHNSON (the "Defendant") entered a plea of guilty to Counts One through Four of the above-captioned information, charging violations of 18 U.S.C. § 922(g)(1), 21 U.S.C. §§ 846 and 841(b)(1)(B)(iii); and

WHEREAS, pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), the Defendant consents to the forfeiture of the following: (a) one Mossberg 12 gauge shotgun and ammunition, which were seized from the Defendant on or about January 13, 2010; (b) one Taurus .380 caliber semi-automatic handgun and ammunition, which were seized from the Defendant on or about February 2, 2010; and (c) one Heckler & Koch 9mm semi-automatic handgun and ammunition, which were seized from the Defendant on or about November 21, 2011 (collectively the "Firearms and Ammunition").

NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED, as follows:

1.    The Defendant shall forfeit to the United States all

of his right, title and interest in the Firearms and Ammunition pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c).

2. The defendant agrees that the Firearms and Ammunition constitute, or are derived from, proceeds obtained, directly or indirectly, as the result of the Defendant's violation of 21 U.S.C. § 846, or property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, and/or as property involved in or used in a knowing violation of 18 U.S.C. § 922(g)(1) and/or as substitute assets pursuant to 21 U.S.C. § 853(p).

3. Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General, or his designee, is authorized to seize the Firearms and Ammunition and to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

4. The United States Attorney's Office shall publish notice of this Order, in accordance with the custom and practice in this district, on the government website www.forfeiture.gov, of its intent to dispose of the Firearms and Ammunition in such a manner as the Attorney General or his designee may direct. The United States may, to the extent practicable, provide direct written

notice to any person known or alleged to have an interest in the Firearms and Ammunition as a substitute for published notice as to those persons so notified.

5. The Defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the properties forfeited hereunder. In addition, the Defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the <u>Ex Post Facto</u> clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

6. Any person, other than the Defendant asserting a legal interest to the Firearms and Ammunition may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to notice of the forfeiture of the Firearms and Ammunition must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in

the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

7. The Defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Firearms and Ammunition in any administrative or judicial proceeding. The Defendant shall take whatever steps are necessary to ensure that clear title to the Firearms and Ammunition passes to the United States, including the execution of any documents necessary to effectuate the forfeiture of the Firearms and Ammunition to the United States. The forfeiture of the Firearms and Ammunition shall not be considered a payment of a fine or a payment on any income taxes that may be due.

8. The United States shall have clear title to the Firearms and Ammunition identified above following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

9. Pursuant to the Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to the Defendant upon entry of this Preliminary Order of Forfeiture, and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Preliminary Order, together with Supplemental Preliminary Orders of Forfeiture, if

any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the Firearms and Ammunition forfeited herein shall be forfeited to the United States for disposition in accordance with law.

10. The Court shall retain jurisdiction of this action to ensure compliance with the terms of this Preliminary Order of Forfeiture.

11. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Preliminary Order of Forfeiture to FSA Asset Forfeiture Paralegal Brian Gappa, United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, Central Islip, New York 11722.

Dated: Central Islip, New York
       May 23, 2012

s/ Sandra J. Feuerstein

───────────────────────────
HONORABLE SANDRA J. FEUERSTEIN
UNITED STATES DISTRICT JUDGE